■ In the Matter of the WATERFRONT COMMISSION OF NEW YORK HARBOR v. ANTHONY MARCHITTO.— Motion for a stay granted on condition that the appellant furnishes a surety bond in the sum of $10,000 on or before May 15, 1961, and on the further condition that appellant will comply with the order of Special Term, in the event the order of this court is affirmed by the Court of Appeals, within 10 days after the order of affirmance or any other terms fixed by the Court of Appeals. Concur — Botein, P. J., Breitel, Stevens, Eager and Bergan, JJ.

### (May 16, 1961)

■ In the Matter of the Estate of EPHRAIM R. BERNSTEIN, Deceased. JOAN K. BERNSTEIN, Individually and as General Guardian of PERRY M. BERNSTEIN, an Infant, Appellant; GABRIEL KASLOW et al., as Executors of EPHRAIM R. BERNSTEIN, Deceased, et al., Respondents.— Decree granting petition of executors, pursuant to section 215 of the Surrogate's Court Act, for advice and directions regarding sale of minority stock in a close corporation, reversed, on the law, on the facts, and in the exercise of discretion, the decree vacated, and the proceedings remanded to the Surrogate's Court, with costs to all parties filing briefs in this court payable out of the estate. In view of the circumstances indicating there is no ready market for the minority stock and that the corporation itself, now controlled by the decedent's brother, is the only likely purchaser, it was not proper to exclude proof as to whether, how, and why the stock was reclassified as nonvoting at the time of decedent's matrimonial difficulties. Consequently, the proceedings are remanded for the purpose of taking such proof, together with such other evidence as any party may choose to offer, on this or any other relevant issue. It should be observed, moreover, that it is not enough to merit approval of a sale merely to establish that no other prospective purchasers are available, if, in fact, the price offered is inadequate. In the case of close corporations, "market price" is not necessarily the only test of value for either majority, controlling or minority holdings. Before executors are relieved of their proper and sole responsibility in making such a sale by the court's discretionary assumption of at least part of that responsibility, the court should be satisfied that the price is adequate and not merely that the tendered price is the best that thus far could be elicited from the dominant stockholder in the close corporation (see Matter of Bourne, 9 A D 2d 647; 11 A D 2d 128, affd. 8 N Y 2d 1041). In any event, it is only in extraordinary circumstances that the court should lend its approval to the executors' proposed sale (3 Warren's Heaton, Surrogates' Courts [6th ed.], p. 290). Concur — Botein, P. J., Breitel and Valente, JJ.; McNally and Stevens, JJ., dissent in the following memorandum by McNally, J.: I am in agreement with the law as stated in the majority memorandum. On this record, however, appellant made it abundantly clear that she opposed the sale of decedent's stock in Bernson Silk Mills, Inc., at any price and wanted it retained for her son Perry. The appellant's objections to the sale are without merit. I therefore vote to affirm the order of the learned Surrogate. Settle order on notice.